THE STATE OF OHIO, APPELLEE, *v.* RIPPLE, APPELLANT.

[Cite as *State v. Ripple* (1994), 70 Ohio St.3d 86.]

(No. 93–1948—Submitted May 25, 1994—Decided August 24, 1994.)

*James W. Hostetter,* Director of Law, and *Mark D. Gardner,* Assistant Director of Law, for appellee.

*Mark A. Serrott* and *Holly A. Jacobs,* for appellant.

---

A. WILLIAM SWEENEY, J.  R.C. 4511.19 provides in relevant part:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

"(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;

" * * *

"(D) In any criminal prosecution for a violation of this section, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, or of a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, the court may admit evidence on the concentration of alcohol, drugs of abuse, or alcohol and drugs of abuse in the defendant's blood, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of the alleged violation.

" * * *

"Such bodily substance *shall* be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to section 3701.143 of the Revised Code."  (Emphasis added.)

The plaintiff-appellee, state of Ohio, concedes before this court that "the Ohio Director of Health has not promulgated any drug testing methods to be used in a 'per se' or presumptive level of drugs at which level a defendant would be deemed under the influence for a charge under Section 4511.19 of the Ohio Revised Code."  The state argues, however, that notwithstanding the lack of regulations concerning drug testing by the Director of Health, this court should apply its prior holding in *Newark v. Lucas* (1988), 40 Ohio St.3d 100, 532 N.E.2d 130, and allow expert testimony concerning issues of drug testing.  While the state's arguments in this vein may appear reasonable, the language of R.C. 4511.19(D) strongly militates against adopting them.

In *Sawyer, supra,* the court of appeals noted that "[t]he prohibitions of R.C. 4511.19 concerning alcohol or drugs in the blood, breath, or urine, and the methods of proof provided in the statute, are precise and must be strictly interpreted.  The methods and means of chemical analysis provided in section (D)

of the statute are mandatory and exclusive." *Id.,* 74 Ohio App.3d at 188, 598 N.E.2d at 749. We agree.

In our view, the language of R.C. 4511.19(D) is clear, unmistakable and above all, mandatory. Thus, the law enunciated in *Newark v. Lucas, supra,* cannot be applied in the cause *sub judice,* since the Director of Health has yet to approve any methods for analyzing drugs contained in bodily substances of an accused. While other evidence of drug use may be admitted in a prosecution brought under R.C. 4511.19, it is clear that the General Assembly has foreclosed the use of chemical drug analysis of bodily substances, unless and until the Director of Health approves such a method.

Therefore, we hold that absent approval of methods by the Director of Health pertaining to the testing of bodily substances for drugs, a chemical analysis purporting to indicate the presence of drugs in an accused is inadmissible in a prosecution brought pursuant to R.C. 4511.19.

Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.