DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Randall Wilson, appeals the denial of his motion to suppress the results of a blood alcohol test and his resulting convictions by the Wayne County Municipal Court. We affirm.
On November 12, 1998, Sergeant Gary McKenna of the Ohio State Patrol observed an automobile driven by Defendant following closely behind another vehicle on Prairie Lane. As Sergeant McKenna continued to observe the vehicle, he noticed that it swerved off of the road four times. Sergeant McKenna initiated a traffic stop and determined that Defendant appeared to be under the influence of alcohol. After Defendant refused to provide a sample of his breath for testing, he was transported to Wooster Community Hospital, where a sample of his blood was drawn. Analysis of the blood sample indicated that Defendant's blood alcohol content was .182. Defendant was cited for driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1), driving with a prohibited blood alcohol content in violation of R.C. 4511.19(A)(2), failure to control his vehicle in violation of R.C. 4511.202, and possession of an open container of alcohol in violation of R.C. 4301.62(B)(4).
On June 19, 1999, Defendant moved to suppress the results of the blood test, arguing that the administration of the sample did not comply with relevant provisions of the Ohio Administrative Code. The trial court denied the motion on April 15, 1999. Defendant entered a plea of no contest, and the charge pursuant to R.C. 4511.19(A)(1) was dismissed. On April 27, 1999, the trial court found Defendant guilty of the remaining charges and sentenced him to a prison term of one year. The court also assessed fines against Defendant totaling $1,135.00, suspended his drivers' license for ten years, and ordered him to undergo alcohol abuse counseling. Defendant timely appealed, raising two assignments of error.
ASSIGNMENT OF ERROR I
 The blood draw performed upon [Defendant] was done without rules or regulations promulgated by the Department of Health for such blood draws which would assure the testing is accurate.
"When considering a motion to suppress, the trial court assumes the role of trier of fact and thus, stands in the best position to resolve issues of fact and witness credibility."State v. Cumberledge (Sept. 16, 1998), Lorain App. No. 97CA006959, unreported, at 5, quoting Cuyahoga Falls v. Stephenson
(June 18, 1997), Summit App. No. 18011, unreported at 4-5. While we defer to the findings of the trial court on a motion to suppress provided that they are supported by competent, credible evidence, our review of the application of the law to the facts isde novo. State v. McNamara (1997), 124 Ohio App.3d 706, 710.
Defendant's first assertion is that the Department of Health has failed to promulgate regulations governing the manner in which blood samples may be analyzed pursuant to R.C. 4511.19(D)(1). As a consequence, he argues that the results of such blood tests are inadmissible in a subsequent prosecution. In support of this proposition, Defendant cites State v. Ripple (1994), 70 Ohio St.3d 86, in which the Supreme Court of Ohio concluded:
 the language of R.C. 4511.19(D) is clear, unmistakable and above all, mandatory. * * * While other evidence of drug use may be admitted in a prosecution brought under R.C. 4511.19, it is clear that the General Assembly has foreclosed the use of chemical drug analysis of bodily substances, unless and until the Director of Health approves such a method.
Id. at 89.
R.C. 4511.19(D)(1) permits sampling of a defendant's blood by a physician, a registered nurse, or a qualified technician for the purpose of determining blood alcohol content. The analysis of blood extracted pursuant to this provision must be in accordance with methods recognized and approved by the Director of Health.Id. Ohio Adm. Code 3701-53-03(A) provides:
 Alcohol in blood, urine, and other bodily substances shall be analyzed based on an approved method. The method must have documented sensitivity, specificity, accuracy, precision and linearity. The method can be based on procedures which have been published in a peer reviewed or juried scientific journal or thoroughly documented by the laboratory. Approved methods include:
 (1) Gas chromatography c[26] direct injection or head-space gas chromatography.
(2) Enzyme assays.
[26] So in original. Should "c" be deleted?
Ohio Adm. Code 3701-53-05 regulates the procedure through which blood samples are collected and handled.
Because the Department of Health has promulgated regulations governing the analysis of blood samples, Ripple is irrelevant to the determination of this appeal. Defendant's first assignment of error is overruled.
ASSIGNMENT OF ERROR II
 The trial court erred when admitting the testimony and report relating to [Defendant's] blood alcohol results when the analyst who performed the test was not present and therefore, denied [Defendant] the right to confront witnesses against him.
In his second assignment of error, Defendant has argued that the trial court incorrectly admitted the laboratory analysis of his blood without requiring the corroborative testimony of the analyst who actually performed the testing. Specifically, Defendant has maintained that the omission of this testimony denied his right to confront adverse witnesses in violation of theSixth Amendment to the United States Constitution.
"The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." Maryland v. Craig (1990),497 U.S. 836, 845, 111 L.Ed.2d 666, 678. The Supreme Court of Ohio has summarized the requirements of the Confrontation Clause as follows:
 The state may deny the accused the right to cross-examination without violating the Confrontation Clause if the court deems the proffered out-of-court statements to be "so trustworthy that adversarial testing can be expected to add little to [the statements'] reliability." * * * That is, the right to confrontation is not absolute and "does not necessarily prohibit the admission of hearsay statements against a criminal defendant." * * * Hearsay statements are deemed sufficiently reliable to allow their admission without the benefit of cross-examination when the statements (1) "fall within a firmly rooted hearsay exception," or (2) contain " `adequate indicia of reliability.'"
(Citations omitted.) State v. Madrigal (2000), 87 Ohio St.3d 378,385. As a general rule, sufficient reliability is demonstrated if out-of-court statements fall within an acknowledged exception to the hearsay rule. See id. at 385, citing State v. Gilliam (1994),70 Ohio St.3d 17, 19-20.[1]
Defendant has conceded that the laboratory analysis could be properly admitted as a business record pursuant to Evid.R. 803(6). At the hearing on Defendant's motion to suppress, Mr. Paul Boggs, supervisor of the Ohio Highway Patrol crime laboratory, summarized the process used in the analysis of Defendant's blood sample. Mr. Boggs testified that the laboratory uses a single instrument to perform blood-alcohol analyses, and that he supervises the work of each analyst to ensure standard performance. He stated that the actual process of analysis is fully automated, so that the process is started at the end of a workday and completed by the following morning. Data generated by the instrument are collected by the analyst and reports are generated based on that data. Mr. Boggs stated that his responsibility is to:
 review all the data, all of the reports, all of the property control forms and make sure that everything is technically and administratively correct, signatures were in the right place, the calibration check has been performed and is correct. We also do an evaluation [and] we do duplicate testing so every sample is run twice. We require that the results be within five per cent of each other and so I'll double check all those calculations.
After summarizing the process through which the analysis in this case was performed, Mr. Boggs expressed his opinion that appropriate procedures had been followed.
The extent of Mr. Boggs' supervisory function qualified him to testify with respect to the procedures involved in analyzing Defendant's blood sample. We are unable to conclude that a defendant is denied the right to confront an adverse witness when the trial court permits testimony of an analyst who supervised but did not personally perform laboratory work underlying a properly admitted business record. See State v. Bradley (June 15, 1995), Cuyahoga App. Nos. 67430 and 67438, unreported, 1995 Ohio App. LEXIS 2475, at *11 (concluding that testimony of a supervising coroner with respect to the contents of an autopsy report does not violate the Confrontation Clause). Defendant's second assignment of error is, therefore, without merit.
Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _______________________________ LYNN C. SLABY
FOR THE COURT BAIRD, P.J., CARR, J. CONCUR.
[1] In Madrigal, the Ohio Supreme Court overruled Gilliam to the extent that the case stood for the proposition that statements included within Evid.R. 804(B)(3) are firmly rooted within a hearsay exception for the purposes of federal law. Madrigal,supra, at 386, citing Lilly v. Virginia (1999), 527 U.S. 116,144 L.Ed.2d 117.